IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH WALTER KAISER, et al.,

    Plaintiffs,                     No. CIV S- 91-0300 GGH P

    vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.             <u>ORDER</u>

_____/

        On March 3, 1993, this court filed an order approving the proposed consent decree, filed on January 28, 1993, in this class action, and judgment was thereon entered in this matter. More than fifteen years later, on October 17, 2008, defendants County of Sacramento and John McGuinness, Sheriff of Sacramento County, filed a motion to amend the consent decree at Paragraph 2, to permit the termination of the law libraries at the Sacramento County Main Jail and Rio Cosumnes Correctional Center and instead to allow "the Sacramento County Sheriff's Department to maintain a contract with Legal Research and Associates to provide attorney supervised legal research for those inmates who have obtained Propria Persona status...." See Docket # 244, pp. 1-2. Defendants also seek to amend Paragraph 7 of the existing consent decree "to permit the Sheriff's Department to house psychiatric patients, classified for housing in the General Population and under the care of Outpatient Psychiatric Services, in the Roger

1

Bauman Facility of the Rio Cosumnes Correctional Center, along with continuing to provide them with mental health services by Sacramento County Jail Psychiatric Services." Id., at 2.

The primary ground for the motion is an abbreviated stipulation to the proposed amendments contained at Exhibit 2 of the motion, which includes the signature of Paul Comiskey, plaintiffs' putatively current counsel. Defendants also rely on the provision of the consent decree which states that the decree "may be altered or amended upon a showing that a change of conditions warrants alteration or amendment in a reasonable manner which does not impait the Constitutional rights of the inmates." Motion, at 2 & Exhibit 1 (copy of consent decree), at ¶ 11.

Defendants are proposing two amendments, both of which appear to be substantive and significant, and the filing of a simple, bare-bones stipulation does not meet the standard set forth in the express provision relied upon by defendants. "Modification of a consent decree may be warranted when changed factual conditions make compliance with the decree substantially more onerous." Rufo v. Suffolk County, 502 U.S. 367, 384, 112 S. Ct. 748, 760 (1992).[1] However, in this instance, the parties have wholly failed to set forth any factual predicate in the form of changed circumstances demonstrating the need for any alteration.

Moreover, as is the case with proposed consent decrees, the court is not required to accept proposed stipulations to a consent decree. Evans v. Jeff D., 475 U.S. 717, 727, 106 S. Ct. 1531, 1537 (1986)(court in class action may accept or reject proposed settlement); U.S. v. State of Oregon, 913 F.2d 576, 580 (9th Cir. 1990) ("[b]efore approving a consent decree, a district court must be satisfied that it is at least fundamentally fair, adequate and reasonable"); Collins v. Thompson, 679 F.2d 168, 173 (9th Cir. 1982)(parties to proposed consent decree bound by general contract principles "subject of course to the condition subsequent of judicial

---

[1] Therein, the Supreme Court held that "a party seeking modification of a consent decree must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." Rufo, supra, at 393, 112 S. Ct. at 765.

disapproval"); <u>U.S. v. Chevron U.S.A., Inc.</u>, 380 F. Supp.2d 1104, 1111 (N.D. Cal. 2005) (while court review of consent decree is conducted in deference to public policy favoring settlement, "court must avoid rubberstamp approval and instead must conduct an independent evaluation" [internal citation omitted]); (<u>U.S. v. Sharlands Terrace LLC</u>, 2007 WL 1577847 (D. Nev. 2007)(rejecting joint motion for a proposed consent decree).

In addition, the court is concerned as to whether Mr. Comiskey still represents the class and retains the authority to act at this time on behalf of the class. The court will require supplemental briefing in support of the motion to be filed. In their briefs, the parties should address the significance, if any, of the provisions of the PLRA to the modification of a consent decree. Subsequent to the filing of the briefs as set forth below, should the court determine that a hearing is required, the parties will be informed forthwith.

Accordingly, IT IS ORDERED that the parties shall file simultaneous briefing, including required factual declarations, within ten (10) days of the date of this order addressing the issues raised herein.

DATED: 10/22/08              /s/ Gregory G. Hollows

                             GREGORY G. HOLLOWS
                             UNITED STATES MAGISTRATE JUDGE

GGH:009
kais0300.ord

3